## McCarter's Appeal.

1. A caveat to a will suggesting facts was filed ; the register heard evidence, and on an oral request directed an issue in the Common Pleas. On appeal to the Register's Court one reason was that the request was not in writing ; that court properly decided that such request might be filed with the register *nunc pro tunc.*

2. No appeal lies from the decision of the register directing an issue, it is not a definitive judicial sentence or decree from which only an appeal lies.

3. The case passed to the Common Pleas on the precept of the register which was not superseded by the appeal.

4. The action of the Register's Court was not a subject of appeal to the Supreme Court, and the case remained in the Common Pleas.

January — 1872. Before THOMPSON, C. J., AGNEW and SHARSWOOD, JJ.

Appeal from the Register's Court of *Philadelphia :* Of January Term 1872, No. 94.

This was an appeal from the Register's Court, dismissing the appeal to that court from the order of the register, awarding a precept to the Common Pleas to try the validity of a paper writing, purporting to be the will of John McCarter, deceased.

McCarter, residing in Bucks county, on the 27th of June 1865, executed the paper in question. He afterwards moved to Philadelphia where he died in May 1871, leaving nine children, two of whom were Catharine and Emily. Three of them, other than these two daughters, filed a caveat against the probate of the will. The reasons assigned in the caveat are stated in C. J. Thompson's opinion.

The formal execution of the paper was proved before the register, and testimony taken on the questions raised by the caveat. On the oral request of the caveators for an issue to the Common Pleas, to try those questions, he issued a precept for that purpose and Catharine and Emily McCarter appealed to the Register's Court.

In the Register's Court the appellants objected that the request for an issue was not in writing ; that court, Peirce, J., holding that the request for an issue should regularly be in writing, dismissed the appeal, and directed the request in writing to be filed with the register *nunc pro tunc.*

Catharine and Emily McCarter appealed to the Supreme Court and assigned this decree for error.

*H. T. Fenton* and *J. H. Campbell,* for appellants.

*J. M. Van Arsdalen* and *D. P. Brown,* for appellees.

Chief Justice THOMPSON delivered the opinion of the court, May 16th 1872.

The record in this case presents a matter for our consideration of no great difficulty. It arose thus : John McCarter, resident at the time of Bucks county, made his will, and afterwards died in the city of Philadelphia in May 1867. Three of his children filed

[McCarter's Appeal.]

in the register's office a caveat against the probate of any will or testamentary writing of their father, alleging : " 1st. That the writing, purporting to be his last will and testament, was not his last will and testament.    2d. That the said' paper writing was signed, if signed, by the said John McCarter, through or by the undue influence of one or more other persons.    3d. That the said John McCarter, at the time of the alleged signing of said paper writing, purporting to be his last will and testament, was not of a sound disposing mind and memory, and was not, at said time, competent to make a last will and testament."

Of course they preferred a contest of the will on the facts alleged, and the contestants and their opponents had a partial hearing before the register of the city and county of Philadelphia, when, for reasons of their own, the contestants chose to request the register to issue a precept to the Court of Common Pleas, directing an issue to be formed on the facts alleged in the caveat against the will, to determine its validity.    This the register granted.

Having done this, the respondents appealed from the register's decision to the Register's Court.  One of the grounds of the appeal was that the report was not in writing; but the Register's Court dismissed the appeal, suggesting that the request in writing might be made *nunc pro tunc.*    It being mere form, we have no doubt the suggestion was proper.    But, from the decision of the Register's Court, the same parties have appealed to this court.

In the first place, we think no appeal lay to the Register's Court from this action of the register, directing an issue to the Court of Common Pleas.    The thirteenth sect. of the Act of 15th March 1852 expressly declares that it shall be lawful for him to do so, whenever any matter touching the validity of a will is alleged by the caveat of any person interested in any paper writing, purporting to be a testamentary writing, offered for probate.    Such a determination is not a definitive judicial sentence or decision.    It has no such quality, and it is only from such a definitive act that an appeal lies from the register to the Register's Court : Sec. 20 of the Act of 1856.    It results from this view, that the dismissal of the appeal to Register's Court, presents no ground, at this time, for an appeal to this court.    It was but the dismissal of a premature appeal.    The case passed to the Common Pleas on the certificate by the register of the issue directed by him, which was not superseded by the appeal to the Register's Court.    If the certificate impeded the issue ordered, this was removed by the act of the Register's Court dismissing the appeal, and this action was not of the nature to ground an appeal to this court.    The issue is in the Common Pleas, and we will not examine any fact connected with the validity of the will until after the determination of that issue, when it may perhaps come before us on appeal.

Appeal dismissed at the costs of the appellants.